UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

SEAN PATRICK GILMORE,

　　　　　Plaintiff,

　　v.

CAROLYN W. COLVIN, Acting Commissioner of the Social Security Administration,

　　　　　Defendant.

CASE NO. 2:15-cv-01862 JRC

ORDER ON PLAINTIFF'S COMPLAINT

This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S. Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 10, 11, 12).

After considering and reviewing the record, the Court concludes that the ALJ erred when evaluating the medical evidence. He failed to include into the residual

functional capacity plaintiff's need for occasional oversight in order to stay on task and failed to explain adequately why this limitation was not adopted.

Therefore, this matter is reversed and remanded for further administrative proceedings pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

## BACKGROUND

Plaintiff, SEAN PATRICK GILMORE, was born in 1968 and was 37 years old on the alleged date of disability onset of December 31, 2005 (*see* AR. 99-105). Plaintiff left school in the tenth or eleventh grade and has not obtained his GED (AR. 685). Plaintiff has work experience as a telephone solicitor, warehouse worker, and truck driver (AR. 123-30, 706-07).

According to the ALJ, plaintiff has at least the severe impairments of "anxiety related disorders (general anxiety disorder, post-traumatic stress disorder, panic); affective related disorders (mood disorder versus depression); personality disorder; and substance abuse disorder (20 CFR 416.920(c))" (footnote omitted) (AR. 656).

At the time of the last hearing, plaintiff was living with his parents (AR. 688).

## PROCEDURAL HISTORY

Plaintiff's application for Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act was denied initially and following reconsideration (*see* AR. 47-50, 52-53). The appeal before this Court follows three prior hearings (*see* AR. 21-44, 358-89, 679-715); two prior decisions determining that plaintiff was not disabled (*see* AR. 8-20, 337-57); two prior Appeals Committee

Denials (*see* AR. 1-3, 403-05 ); and two remands from the district court (*see* AR. 406-09, 772-87 ).  Plaintiff's most recent hearing was held before Administrative Law Judge Larry Kennedy ("the ALJ") on July 28, 2014 (*see* AR. 678-715). On January 5, 2015, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 651-77).

Plaintiff raises the following issues:   (1) Did the ALJ reasonably evaluate the medical opinions of state agency medical consultant Thomas Clifford, Ph.D. and examining doctor Carl Epp, Ph.D.; and (2) Did the ALJ reasonably find plaintiff could do other work that existed in significant numbers in the national economy (*see* Defendant's Brief, Dkt. 11, p. 1).

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

//

//

//

## DISCUSSION

**(1) Did the ALJ reasonably evaluate the medical opinions of state agency medical consultant Thomas Clifford, Ph.D. and examining doctor Carl Epp, Ph.D.?**

### a. Non-examining doctor, Dr. Thomas Clifford, Ph.D.

Plaintiff contends that the ALJ erred when evaluating the medical opinion of non-examining State agency medical consultant, Dr. Thomas Clifford, Ph.D. (*see* AR. 665-66). Defendant contends that the ALJ did not commit harmful error when evaluating Dr. Clifford's opinion because Dr. Clifford's opinion regarding a limitation to occasional extra oversight is only a recommendation and not an opinion about what conditions plaintiff required in order to be able to perform work activity (*see* Dkt. 11, pp. 5-6). Defendant contends that "the occasional need for oversight simply illustrates an environment in which plaintiff would work best" (*id.*).

According to Social Security Ruling 96-6p, state agency medical consultants, while not examining doctors, "are highly qualified physicians and psychologists who are experts in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p, 1996 LEXIS 3 at *4. Therefore, regarding state agency medical consultants, the ALJ is "required to consider as opinion evidence" their findings, and also is "required to explain in his decision the weight given to such opinions." *Sawyer v. Astrue*, 303 Fed. Appx. 453, *455, 2008 U.S. App. LEXIS 27247 at **2-**3 (9th Cir. 2008) (*citing* 20 C.F.R. § 416.927(f)(2)(i)-(ii); SSR 96-6p, 1996 SSR LEXIS 3, *5) (memorandum opinion) (unpublished opinion). The ALJ "may reject the opinion of a non-examining physician by reference to specific evidence in the medical record." *Sousa v. Callahan*,

143 F.3d 1240, 1244 (9th Cir. 1998) (*citing Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews, supra*, 53 F.3d at 1041).

Dr. Clifford reviewed plaintiff's records on October 29, 2007 (AR. 226). He opined, among other opinions, that plaintiff "is capable of sustain[ing] two-hour intervals of productive activity over an eight-hour day with occasional extra oversight to keep him on task" (*id.*). Although the ALJ found that the limitation to occasional extra oversight was an opinion regarding "the conditions under which the claimant would function best," (AR. 665-66), the record instead demonstrates that Dr. Clifford provided an opinion regarding what condition plaintiff would need in order to "keep him on task" (AR. 226). However, this opinion from Dr. Clifford was not included into plaintiff's residual functional capacity ("RFC") or in the hypothetical presented to the vocational expert ("VE").

According to Social Security Ruling ("SSR") 96-8p, a RFC assessment by the ALJ "must always consider and address medical source opinions. If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20. Although "Social Security Rulings do not have the force of law, [n]evertheless, they constitute Social Security Administration interpretations of the statute it administers and of its own regulations." *See Quang Van Han v. Bowen*, 882 F.2d 1453, 1457 (9th Cir. 1989) (*citing Paxton v. Sec. HHS*, 865 F.2d 1352, 1356 (9th Cir. 1988); *Paulson v. Bowen*, 836 F.2d 1249, 1252 n.2 (9th Cir. 1988)) (internal citation and footnote omitted). As stated by the

Ninth Circuit, "we defer to Social Security Rulings unless they are plainly erroneous or inconsistent with the [Social Security] Act or regulations." *Id.* (*citing Chevron USA, Inc. v. NRDC, Inc.*, 467 U.S. 837, 842-45 (1984); *Paxton, supra*, 865 F.2d at 1356)) (footnote omitted). Although the ALJ found that the opinion by Dr. Clifford that plaintiff "needed occasional extra oversight to keep him on task . . . . [is not] supported by the longitudinal record," the ALJ did not adequately "explain why [this] opinion was not adopted." *See* SSR 96-8p, 1996 SSR LEXIS 5 at *20; *Sousa, supra*, 143 F.3d at 1244 (to reject the opinion of a non-examining doctor, the ALJ should reference "specific evidence in the medical record") (*citing Gomez, supra*, 74 F.3d at 972).

It is clear that Dr. Clifford opines that plaintiff only can sustain two hour intervals of productive activity if he has "occasional oversight to keep him on task" (AR. 226). Therefore, the ALJ's finding to the contrary is not a finding based on substantial evidence in the record as a whole. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are not supported by substantial evidence in the record as a whole. *Id.* (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

According to the Ninth Circuit, when an ALJ ignores or improperly discounts significant and probative evidence in the record favorable to a claimant's position, the ALJ "thereby provide[s] an incomplete residual functional capacity [RFC] determination." *See Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012). Furthermore,

when the RFC is incomplete, the hypothetical question presented to the VE relied on at step five necessarily also is incomplete, "and therefore the ALJ's reliance on the vocational expert's answers [is] improper." *See id.* at 1162.

This reasoning explains why the error is not harmless. Because the RFC is incomplete and the hypothetical question presented to the VE also is incomplete, it is unclear what effect including this limitation of required occasional extra oversight to keep plaintiff on task would have on plaintiff's ability to perform work activity. *See Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. July 10, 2015) ("ALJ errors in social security are harmless if they are 'inconsequential to the ultimate nondisability determination' and that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ, when fully crediting the testimony, could have reached a different disability determination'") (*citing Stout,* 454 F.3d at 1055-56). Unfortunately, the proper hypothetical question was not presented to the VE in order to evaluate whether or not this would result in a finding that plaintiff was disabled under the Act. Because the Court cannot conclude with confidence "that no reasonable ALJ when fully crediting the [opinion from Dr. Clifford] could have reached a different disability determination," the ALJ's error is not harmless. *See id.*

However, this reasoning also demonstrates why this matter should be reversed and remanded for additional proceedings rather than with a direction to award benefits. The VE testified that "if you need somebody to keep you on task all the time," you would be replaced, but Dr. Clifford did not opine that plaintiff would need oversight "all the time": he opined that plaintiff would need occasional oversight (*see* AR. 712-13). The effect of

the limitation of required occasional extra oversight is not clear. Therefore, for this reason, and for reasons discussed below with respect to the lack of medical opinion evidence relied on by the ALJ and the possibility of the materiality of substance abuse, *see infra*, section 1.b, further administrative proceedings following remand of this matter would serve a useful purpose. *See Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1105 (9th Cir. 2014) (citations omitted) (remand with a direction to award benefits is not appropriate if further administrative proceedings would serve a useful purpose).

According to the Ninth Circuit, when making the determination about remanding for benefits, the Court must review the record as a whole and determine if it is fully developed, is free from conflicts and ambiguities, and "all essential factual issues have been resolved." *Id. at* 1101 (citations omitted). Here, the effect of the required limitation of occasional oversight on plaintiff's ability to perform work activity has not been resolved, representing one of the ambiguities that remain. The Court should not remand for benefits if it is not clear from the record that the ALJ would be required to find plaintiff disabled were the inappropriately discredited evidence credited in full. *See Harman, supra,* 211 F.3d at 1178 (*quoting Smolen*, *supra*, 80 F.3d at 1292).

The Court also notes that the ALJ found that Dr. Clifford, when using the term "occasional," did not intend to use this term as normally used in the Social Security context, even though he is a "highly qualified [] [] psychologist[] who [is an] expert[] in the evaluation of the medical issues in disability claims under the Act." SSR 96-6p, 1996 LEXIS 3 at *4; (*see* AR. 666 ("Dr. Clifford used this term as it is commonly defined")). The ALJ relied on the fact that if "Dr. Clifford had intended the term occasional as used

in this portion of the opinion to mean up to one-third of the time, this would have resulted in the State agency finding the claimant disabled as it would suggest a supported work environment; [h]owever, the claimant was found not disabled" (AR. 666). This suggests that the ALJ found this aspect of Dr. Clifford's opinion to be ambiguous. However, if this opinion by Dr. Clifford is ambiguous, then the ALJ has a duty to develop the record on this matter. *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (the ALJ "has an independent 'duty to fully and fairly develop the record and to assure that the claimant's interests are considered'") (*quoting Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996) (*quoting Brown v. Heckler*, 713 F.2d 411, 443 (9th Cir. 1983) (per curiam))).

b. **Examining doctor, Dr. Carl Epp, Ph.D.**

Plaintiff contends that the ALJ erred when rejecting the medical opinion of Dr. Epp. Defendant contends that there is no error. Plaintiff also contends that the relevant opinions of Dr. Epp are not contradicted.

When an opinion from an examining doctor is contradicted by other medical opinions, the examining doctor's opinion can be rejected only "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester v. Chater*, 81 F.3d 821, 830-31 (9th Cir. 1996) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can

still do despite impairment(s), and your physical or mental restrictions"). The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either an examining physician or psychologist. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (*citing Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)).

The ALJ failed to credit fully the opinions of Dr. Epp for multiple reasons, including a heavy reliance on plaintiff's self-reports, which the ALJ found not credible (AR. 668). The ALJ noted Dr. Epp's reference to a "troubling lack of information" when indicating whether or not he had reviewed any records (*see* AR. 638). Plaintiff has not challenged the credibility determination before this Court. In addition, substantial evidence appears to support the finding by the ALJ that Dr. Epp based his opinions largely on plaintiff's self reports. For example, regarding his opinion of the marked effect of plaintiff's post-traumatic stress disorder signs and symptoms on plaintiff's ability to work on January 5, 2010, Dr. Epp indicated that he had not observed these signs and symptoms (*see* AR. 490). Similarly, he indicated that he had not observed symptoms of bipolar disorder, yet noted that plaintiff had not been able to "resolve his bipolar disorder symptoms so far" (*see id*.). Dr. Epp opined that the bipolar symptoms which he did not observe had a severe effect on plaintiff's ability to conduct work activities (*see id*.). Regarding his opinion of marked limitations with respect to the ability to perform routine tasks, Dr. Epp indicated that plaintiff could not tolerate routine "as evidenced by his history" (AR. 492). Similarly, when describing plaintiff's symptoms related to his panic attacks/panic disorder on January 8, 2014, Dr. Epp indicates reliance on plaintiff's

statements (*see* AR. 1087 ("he states . . . .")). At this evaluation, Dr. Epps opined that plaintiff's anxiety disorder "is very severe and almost certainly disabling" (*see* AR. 1090).

However, as noted by the ALJ, Dr. Epp indicated at his January 8, 2014 evaluation that plaintiff suffered from various marked limitations that were "primarily the result of alcohol or drug use within the past 60 days," including marked limitations in plaintiff's ability to perform activities within a schedule, maintain regular attendance, and be punctual within customary tolerances without special supervision; communicate and perform effectively in a work setting; and maintain appropriate behavior in a work setting (*see* AR. 1088-89). The ALJ appears to reject these opinions by Dr. Epp of marked limitations as being the result of drug and alcohol use (*see* AR. 667), however, this calls into question the ALJ's finding that "substance abuse is not 'material'" (*see* AR. 656 n.1). If these marked limitations result from substance abuse and would result in a finding of disability if credited, it would appear that the substance abuse is material, a finding that has support in the record, as demonstrated by the ALJ's discussion of the issue throughout his decision. The ALJ found that plaintiff's substance abuse disorder is a severe impairment (*see* AR. 656).

In addition, the Court notes plaintiff's indication that after rejecting the opinions of the other doctors and other medical sources, "the ALJ has no medical opinion evidence on which to support his decision" (Dkt. 10, p. 12). The ALJ is responsible for resolving ambiguities and conflicts in the medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)).

ORDER ON PLAINTIFF'S COMPLAINT - 11

Therefore, the Court concludes that the ALJ should evaluate all of the medical evidence anew following remand of this matter. The ALJ appears to rely solely on plaintiff's lack of credibility and not on any medical opinion for his determination regarding plaintiff's RFC and for the ultimate determination regarding disability.

**(2)    Did the ALJ reasonably find plaintiff could do other work that existed in significant numbers in the national economy?**

The Court already has touched on this issue when discussing whether or not the error by the ALJ is harmless, *see supra*, section 1. Because this matter is reversed and remanded for further consideration of the medical evidence, the ALJ's finding regarding plaintiff's ability to do other work, as a necessity, must be determined anew following remand of this matter.

CONCLUSION

Based on the stated reasons and the relevant record, the Court **ORDERS** that this matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner for further consideration consistent with this order.

**JUDGMENT** should be for plaintiff and the case should be closed.

Dated this 3rd day of May, 2016.

_____
J. Richard Creatura
United States Magistrate Judge